SHAUN SETAREH (SBN 204514)
    shaun@setarehlaw.com
TUVIA KOROBKIN (SBN 268066)
    tuvia@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

Attorneys for Plaintiff,
KAYONIE COLEMAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYONIE COLEMAN, on behalf of herself, all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation; and DOES 1 to 100, Inclusive<br><br>*Defendants.* | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);<br>2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);<br>3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act)<br>4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, KAYONIE COLEMAN (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class and representative action against defendant KOHL'S DEPARTMENT STORES, INC., a Delaware corporation ("KOHL'S"), and DOES 1-100, inclusively (collectively, "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law.  Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## PARTIES

5.    Plaintiff was employed by Defendant as an hourly, non-exempt employee working in the State of California from approximately October of 2012 to June of 2013.

6.    Defendant KOHL'S is a corporation organized and existing under the laws of California and also a citizen of California based on Plaintiff's information and belief.

7.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as

DOES 1-100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9.     Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to FRCP §23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     **Class Definitions:** The classes are defined as follows:

A.     **FCRA Class:**     All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this

action.

B. **ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

C. **CCRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

12. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

13. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A. Wherein Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

B. Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

C. Whether Defendants willfully failed to identify the source of

the credit report to be performed?

        D.      Wherein Defendants willfully failed to comply with the FCRA, ICRAA and/or the CRAA?

15.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and CCRAA as alleged herein.

16.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

17.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential

for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## (15 U.S.C. §§ 1681b(b)(2)(A))

### (By Plaintiff and the FCRA Class against all Defendants)

19.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

20.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

21.     Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

22.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

23.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

24.    Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

i.    **a *clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

ii.    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

25.    As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

26.    When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a Document entitled "Employment Application" ("Authorization").

27.    In pertinent part the one page Authorization states:

"I have read and fully understand the questions asked in this application. I certify that all of the answers I have given are true, accurate and complete. I understand that the omission and/or misrepresentation of any fact from or

on this application or during any interview will result in immediate rejection of my application or if I am hired will be cause for immediate dismissal. Unless I noted otherwise, I authorize the Company to contact all my employment references and personal references, as well as the education institutions I have attached. I further authorize the company to inquire about, investigate and obtain copies of any records which relate to me from my former employers and educational institutions. I hereby release Kohl's and all affiliated persons and entities, as well as any person or institution that provides Kohl's with any lawful information about me, from any and all liability whatsoever resulting from any such lawful inquiry, investigation or communication."

"If hired, I agree to abide by all of the rules and regulations of the Company. I understand and agree that nothing in this application shall constitute an offer, a contract or a guarantee of employment for a specific period of time. If hired, I understand that my employment is at-will and may be terminated with or without cause and with or without notice at any time, at the option of either Kohl's or myself. I further understand that no representative or agent of the Company, other than the Senior Vice President of Human Resources, has the authority to enter into any agreement for employment for any specific period of time, or to make an agreement contrary to the foregoing. I also understand that any agreement modifying my at-will employment status must be in writing and signed by the Senior Vice President of Human Resources. In addition, I understand that the Company and all plan administrators shall have the maximum discretion permitted by law to administer, interpret, modify, discontinue, enhance or otherwise change all policies, procedures, benefits or other terms and conditions of employment. I understand that any hiring decision is contingent upon my successful completion of all of the Company's lawful pre-employment checks, which may include a background check. I agree to execute any consent forms necessary for the Company to conduct its lawful pre-employment checks."

28. Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

29. Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes

unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).    The inclusion of the Release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

30.    Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

31.    The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

32.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C § 1681b(b)(2)(A)] may not include extraneous or contradictory

information, such as a request for a consumer's waiver of his or her rights under the FCRA."

33.   By including the Release and other extraneous information, Defendants willfully disregarded the FTC' regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

34.   Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)   Defendants are a large corporation with access to legal advice;

(b)   Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)   The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d)   The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

35.   Defendants required a liability release, in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

36.   Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

37.   Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

38.   As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

39.   Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

40.   In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class against all Defendants)

41.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

42.     Section 1681d(a)(1) provides:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

> (1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

> (2) is **made in a writing mailed, or otherwise delivered**, to the consumer, not later than three days after the date on which the report was first requested, and

> (3) **includes a statement informing the consumer of his right to request the additional disclosures** provided for under subsection (b) of this section *and* **the written summary of the rights of the consumer prepared pursuant to section 1681g(c)** of this title; (Emphasis Added.)

(4) Subsection (b) of Section 1681d(a)(1) provides:
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a **complete and accurate disclosure of the nature and scope of the investigation requested**; (Emphasis Added).  This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request

for such disclosure was received from the consumer or such report was first requested, whichever is the later.

43.     Defendant did not comply with Section 1681d(a)(1).

44.     Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(A) Commission summary of rights required

The Commission shall prepare a ***model summary of the rights*** of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of—

(1)     the ***right of a consumer to obtain a copy of a consumer report*** under subsection (a) of this section from each consumer reporting agency;

(2)     the ***frequency and circumstances under which a consumer is entitled to receive a consumer report without charge*** under section 1681j of this title;

(3)     the right of a consumer to ***dispute information*** in the file of the consumer under section 1681i of this title;

(4)     ***the right of a consumer to obtain a credit score*** from a consumer reporting agency, and a description of how to obtain a credit score;

(5)     the ***method by which a consumer can contact, and obtain a consumer report from***, *a consumer reporting agency **without charge***, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(6)     the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

45.     Defendant did not comply with 1681g(c).

//

//

//

### THIRD CAUSE OF ACTION

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**

**(Cal. Civ. Code § 1786 *et seq.*)**

**(By Plaintiff and the ICRAA Class against all Defendants)**

46.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

47.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

48.     Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

49.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

50.     Thus a background checks qualifies as an investigative consumer report under the ICRAA

51.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:

> (i) An investigative consumer report may be obtained.

> (ii) The permissible purpose of the report is identified.

    (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

    (iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

    (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a `` of the provisions of Section 1786.22.

    (vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

52.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

53.    When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a Document entitled "EMPLOYMENT APPLICATION" ("Authorization").

54.    In pertinent part the one page Authorization states:

"I have read and fully understand the questions asked in this application. I certify that all of the answers I have given are true, accurate and complete. I understand that the omission and/or misrepresentation of any fact from or on this application or during any interview will result in immediate rejection of my application or if I am hired will be cause for immediate dismissal. Unless I noted otherwise, I authorize the

Company to contact all my employment references and personal references, as well as the education institutions I have attached. I further authorize the company to inquire about, investigate and obtain copies of any records which relate to me from my former employers and educational institutions. I hereby release Kohl's and all affiliated persons and entities, as well as any person or institution that provides Kohl's with any lawful information about me, from any and all liability whatsoever resulting from any such lawful inquiry, investigation or communication."

"If hired, I agree to abide by all of the rules and regulations of the Company. I understand and agree that nothing in this application shall constitute an offer, a contract or a guarantee of employment for a specific period of time. If hired, I understand that my employment is at-will and may be terminated with or without cause and with or without notice at any time, at the option of either Kohl's or myself. I further understand that no representative or agent of the Company, other than the Senior Vice President of Human Resources, has the authority to enter into any agreement for employment for any specific period of time, or to make an agreement contrary to the foregoing. I also understand that any agreement modifying my at-will employment status must be in writing and signed by the Senior Vice President of Human Resources. In addition, I understand that the Company and all plan administrators shall have the maximum discretion permitted by law to administer, interpret, modify, discontinue, enhance or otherwise change all policies, procedures, benefits or other terms and conditions of employment. I understand that any hiring decision is contingent upon my successful completion of all of the Company's lawful pre-employment checks, which may include a background check. I agree to execute any consent forms necessary for the Company to conduct its lawful pre-employment checks."

Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

55.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure

and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

56.     The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

57.     By including the Release and other extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

58.     In addition, pursuant to § 1786.16(a)(2)(B)(iv) and (vi) of the ICRAA, the disclosure form must notify the consumer of the name, address, telephone number, and/or website address of the investigative consumer reporting agency conducting the investigation. Defendants failed to identify in the disclosure form the name, address, phone number, or website of the investigative consumer reporting agency conducting the investigation, and thus violated § 1786.16(a)(2)(B)(iv) and (vi) of the ICRAA.

59.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

60.    Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(e)    Defendants are large corporations with access to legal advice;

(f)    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

61.    As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

62.    Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

63.    In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

#### (Cal. Civ. Code § 1785 *et seq.*)

#### (By Plaintiff and the CCRAA Class against all Defendants)

64.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

65.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

66.     Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

67.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: …(2) employment purposes…

68.     Thus a credit report qualifies as a consumer credit report under the CCRAA.

69.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and ***shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report***…
> (Emphasis added.)

70.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be

prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

71.    When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a Document entitled "EMPLOYMENT APPLICATION" ("Authorization").

72.    In pertinent part the one page Authorization states:

"I have read and fully understand the questions asked in this application. I certify that all of the answers I have given are true, accurate and complete.  I understand that the omission and/or misrepresentation of any fact from or on this application or during any interview will result in immediate rejection of my application or if I am hired will be cause for immediate dismissal.   Unless I noted otherwise, I authorize the Company to contact all my employment references and personal references, as well as the education institutions I have attached.  I further authorize the company to inquire about, investigate and obtain copies of any records which relate to me from my former employers and educational institutions.   I hereby release Kohl's and all affiliated persons and entities, as well as any person or institution that provides Kohl's with any lawful information about me, from any and all liability whatsoever resulting from any such lawful inquiry, investigation or communication."

"If hired, I agree to abide by all of the rules and regulations of the Company.  I understand and agree that nothing in this application shall constitute an offer, a contract or a guarantee of employment for a specific period of time.  If hired, I understand that my employment is at-will and may be terminated with or without cause and with or without notice at any time, at the option of either Kohl's or myself.  I further understand that no representative or agent of the Company, other than the Senior Vice President of Human Resources, has the authority to enter into any agreement for employment for any specific period of time, or to make an agreement contrary to the foregoing.  I also understand that any agreement modifying my at-will employment status must be in writing and signed by the Senior Vice President of Human Resources. In addition, I understand that the Company and all plan administrators shall have the maximum discretion permitted by law to administer, interpret, modify, discontinue, enhance or otherwise change all policies,

procedures, benefits or other terms and conditions of employment. I understand that any hiring decision is contingent upon my successful completion of all of the Company's lawful pre-employment checks, which may include a background check. I agree to execute any consent forms necessary for the Company to conduct its lawful pre-employment checks."

73. The Authorization does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. Nor does the Authorization identify the source of any credit report. Both of these omissions Authorization clearly violate § 1785.20.5(a) of the CCRAA, as delineated above.

74. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

75. Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(h)   Defendants are large corporations with access to legal advice;

(i)   Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(j)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

76.     As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

77.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

78.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

> A. An order that the action be certified as a class action;
>
> B. An order that Plaintiff be appointed class representative;
>
> C. An order that counsel for Plaintiff be appointed class counsel;
>
> D. Statutory penalties;
>
> E. Civil penalties;
>
> F. Punitive damages;
>
> G. Costs of suit;

H. Interest;

I. Reasonable attorneys' fees; and

J. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.


Dated: June 9, 2015                    Respectfully submitted,


SETAREH LAW GROUP


By_____

SHAUN SETAREH,
Attorney for Plaintiff,
KAYONIE COLEMAN, on behalf of
herself, and all others similarly situated

---