1  Leila Narvid, Bar No. 229402
   ln@paynefears.com
2  PAYNE & FEARS LLP
   One Post Street, Suite 1000
3  San Francisco, CA 94104
   Telephone: (415) 398-7860
4  Facsimile: (415) 398-7863

5  Joel Griswold (*pro hac vice*)
   jcgriswold@bakerlaw.com
6  BAKER & HOSTETLER LLP
   191 North Wacker Drive, Suite 3100
7  Chicago, IL 60606
   Telephone: (312) 416-6200
8  Facsimile: (312) 416-6201

9  Attorneys for Defendant
   KOHL'S DEPARTMENT STORES, INC.

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                   San Francisco Division

14

15  KAYONIE COLEMAN and DIANE          Case No.:  3:15-cv-02588-JCS
    PEMBERTON, on behalf of themselves and
16  all others similarly situated,         **CLASS ACTION**

17            Plaintiffs,              **DEFENDANT'S MOTION TO DISMISS
                                       PLAINTIFFS' AMENDED COMPLAINT**
18        v.
                                       **The Hon. Joseph C. Spero**
19  KOHL'S DEPARTMENT STORES, INC., a
    Delaware Corporation; and DOES 1 to 100,   Date:      September 11, 2015
20  Inclusive.                         Time:      9:30 a.m.
                                       Courtroom G, 15th Floor
21            Defendants.

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

# TABLE OF CONTENTS

**Page**

I.   PROCEDURAL POSTURE ............................................................................. 1

II.  INTRODUCTION ....................................................................................... 2

III. STATEMENT OF RELEVANT FACTS .......................................................... 3

IV.  STANDARD OF REVIEW ........................................................................... 5

V.   ARGUMENT ............................................................................................. 7

    A.   Coleman's Claims Are Barred By The Applicable Statutes Of Limitations (All Counts) ....................................................................... 7

    B.   Plaintiffs' Complaint Does Not State A Claim For A Violation Of The FCRA (Counts I, II, and III) ....................................................... 8

    C.   Plaintiffs Do Not State A Claim Under Counts I and II ........................... 9

    D.   Plaintiffs Do Not State A Claim Under Count III ................................. 15

    E.   Plaintiffs Do Not State A Claim For Actual Damages (All Counts) ....................... 16

    F.   Coleman Does Not State A Claim For A Violation Of The ICRAA (Count IV) .................................................................................. 17

    G.   Coleman Does Not State Any Claim For A Willful Violation Of The ICRAA Or CCRAA (Counts IV And V) ........................................ 19

VI.  CONCLUSION ........................................................................................ 20

PAYNE & FEARS LLP

ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3
**Federal Cases**

4

*Ashcroft v. Iqbal*,
5
556 U.S. 662 (2009) ....................................................................................... 5, 6, 13

6
*Banga v. Experian Info. Solutions*,
2010 U.S. Dist. LEXIS 25569 (N.D. Cal. Mar. 17, 2010) ...................................... 14

7
*Banga v. Experian Info. Solutions*,
8
473 F. App'x. 699, 2012 U.S. App. LEXIS 10516 (9th Cir. May 15, 2012) ...................... 14

9
*Banga v. First USA, NA*,
29 F. Supp. 3d 1270, 1279 (N.D. Cal. 2014) ...................................................... 17
10

11
*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 5, 13

12
*Carvalho v. Equifax Info. Servs., LLC*,
13
629 F.3d 876 (9th Cir. 2010) ....................................................................................... 6

14
*Coleman v. Kohl's Dep't Stores, Inc.*,
No. 3:15-cv-02588 (N.D. Cal. June 10, 2015) ...................................................... 2
15

16
*Crupar-Weinmann v. Paris Baguette America, Inc.*,
No. 13 Civ. 7013 (JSR), 2014 WL 2990110 (S.D.N.Y. June 30, 2014) .............................. 13

17
*Drew v. Equifax Info. Servs., LLC*,
18
690 F.3d 1100 (9th Cir. 2012) ....................................................................................... 7

19
*Garcia v. UnionBanCal Corp.*,
No. C 06-03762 CRB, 2006 WL 2619330 (N.D. Cal. Sept. 12, 2006)............................ 6, 16
20

21
*Grigoryan v. Experian Info. Solutions, Inc.*,
_ F. Supp. 3d _, 2014 WL 7745883 (C.D. Cal. Dec. 18, 2014) ................................. 7

22
*Huggins v. SpaClinic, LLC*,
23
No. 09 C 2677, 2010 WL 963924 (N.D. Ill. 2010) .................................................. 13

24
*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005)....................................................................................... 6
25

26
*Komorowski v. All-American Indoor Sports, Inc.*,
No. 13-2177-SAC, 2013 WL 4766800 (D. Kan. Sept. 4, 2013) ................................. 13

27
*Levitt v. Yelp! Inc.*,
765 F.3d 1123 (9th Cir. 2014)....................................................................................... 5
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

**TABLE OF AUTHORITIES**
(continued)

Page

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
    519 F.3d 1025 (9th Cir. 2008) ................................................................................ 6

*Menefee v. City of Country Club Hills,*
    No. 08 C 2948, 2008 WL 4696146 (N.D. Ill. Oct. 23, 2008) ................................ 17

*Moran v. Screening Pros, LLC,*
    No. 2:12-CV-05808-SVW-AG, 2012 WL 10655744 (C.D. Cal. Sept. 28, 2012) ........ 6, 18, 19

*Morse v. USAA Fed. Savings Bank,*
    No. 2:12–CV–00381–KJD–RJJ, 2012 WL 6020090 (D. Nev. Dec. 3, 2012) ...................... 17

*Natale v. TRW, Inc.,*
    No. C 97-3661 CRB, 1999 WL 179678 (N.D. Cal. Mar. 30, 1999) ........................ 7

*Parrino v. FHP, Inc.,*
    146 F.3d 699 (9th Cir. 1998) ................................................................................ 6

*Pemberton v. Kohl's Dep't Stores, Inc.,*
    No. 8:15-cv-1037-EAK-AEP (M.D. Fla.) ............................................................ 1, 2

*Pemberton v. Kohl's Department Stores, Inc.,*
    8:15-cv-01037 (M.D. Fla. July 2, 2015) ............................................................ 10

*Safeco Ins. Co. of Am. v. Burr,*
    551 U.S. 47 (2007) ............................................................................................ 9, 15

*Schoebel v. Am. Integrity Ins. Co. of Fla.,*
    No.8:15-cv-380-T-24 AEP, 2015 WL 3407895 (M.D. Fla. May 27, 2015) ......... 12, 13, 14, 15

*Syed v. M-I LLC,*
    Civ. No. 1:14-742 WBS BAM, 2014 WL 5426862 (E.D. Cal. Oct. 23, 2014) ............... 12, 15

*W. Min. Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981) ................................................................................ 6

**State Cases**

*Ortiz v. Lyon Mgmt. Grp., Inc.,*
    157 Cal. App. 4th 604 (2007) ............................................................................ 6, 18, 19

**Federal Statutes**

15 U.S.C. § 1681 ...................................................................................*passim*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415)398-7860

## TABLE OF AUTHORITIES
**(continued)**

**State Statutes**                                                    **Page**

Cal. Civ. Code § 1785 ...........................................................................*passim*

Cal. Civ. Code § 1786 ...........................................................................*passim*

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ........................................*passim*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PLEASE TAKE NOTICE that on September 11, 2015 at 9:30 a.m., counsel for Defendant Kohl's Department Stores, Inc. ("Kohl's") will appear before the Honorable Joseph C. Spero, or any judge sitting in his stead in Courtroom G, 15th Floor, of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, and will present Defendant's Motion to Dismiss Plaintiffs' Amended Complaint.

Kohl's, by its undersigned attorneys, respectfully requests that this Court enter an order dismissing Plaintiff's Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

# I.

## PROCEDURAL POSTURE

On July 2, 2015, based on the "first-to-file rule," Defendant filed a motion to transfer this case to the U.S. District Court for the Middle District of Florida, in which a putative nationwide class action substantially similar to this putative class action was filed approximately six (6) weeks before this case was filed (*Pemberton v. Kohl's Dep't Stores, Inc.*, No. 8:15-cv-1037-EAK-AEP (M.D. Fla.)).  (Doc. 13.)

On July 21, 2015, three (3) days before Plaintiff Kayonie Coleman's response was due to the motion to transfer venue, Plaintiff Diane Pemberton voluntarily dismissed her first-filed lawsuit.

On July 23, 2015, Plaintiffs filed an amended complaint (Doc. 21) in this later-filed case to add Pemberton as a plaintiff for the purpose of pursuing their putative nationwide class action out of this venue – over two-thousand, nine-hundred (2,900) miles away from where Pemberton resides and first filed her earlier, duplicative action.

On August 6, 2015, pursuant to 28 U.S.C. § 1404(a), Defendant filed a motion to transfer this case to the U.S. District Court for the Eastern District of Wisconsin – where Defendant's headquarters is located, the documents at issue are created and stored, the policies at issue are established, and Defendant's witnesses concerning the same are located.

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

**II.**

**<u>INTRODUCTION</u>**

Plaintiffs do not state any claim for relief in their amended complaint and, accordingly, it should be dismissed.

Plaintiffs do not state a claim for any violation of the Fair Credit Reporting Act (FCRA). Plaintiffs are former employees of Defendant. Before they started working at Defendant, Plaintiffs were provided and signed a one-page document disclosing that Defendant would have a credit reporting agency run a consumer report (background check) on them and asked for Plaintiffs' authorization to do so, *i.e.* a Disclosure and Authorization Form.[1] Plaintiffs allege that the Disclosure and Authorization Form is a "separate document" from the Employment Application (Am. Compl. at ¶29), the Disclosure and Authorization Form "does not contain a release" (Am. Compl. at ¶30), and Defendant required them to provide such authorization in order to procure background check reports concerning them (Am. Compl. at ¶38(b)). Plaintiffs allege no facts that the Disclosure and Authorization Form violates the FCRA.

Unable to avoid the fact that they executed Disclosure and Authorization Forms, Plaintiffs now argue that the Court should graft an unrelated release from the Employment Application onto the Disclosure and Authorization Form – and then find that inclusion of such grafted release renders the Disclosure and Authorization Form invalid because the disclosures therein would no longer be "in a document that consists solely of the disclosure" under 15 U.S.C. § 1681b(b)(2)(A). Plaintiffs' request defies their allegations, the documents put at issue by their Amended Complaint, the FCRA, and common sense. There simply is no violation of the FCRA.

Even if the unrelated release from a "separate document" was grafted onto the Disclosure and Authorization Form in order to create a purported violation of the FCRA, the inclusion of such

---

[1] In their respective original complaints, neither Pemberton nor Coleman attached the Disclosure and Authorization Forms that they signed, respectively. To the contrary, each alleged that she was not given such disclosures and did not provide such authorization. *Pemberton v. Kohl's Dep't Stores, Inc.*, No. 8:15-cv-1037-EAK-AEP (M.D. Fla. April 30, 2015) at Doc. 1; *Coleman v. Kohl's Dep't Stores, Inc.,* No. 3:15-cv-02588 (N.D. Cal. June 10, 2015) at Doc. 1. In filing its motions to dismiss both cases, Defendant attached their signed Disclosure and Authorization Forms since these documents were put at issue. While Plaintiffs reference the Disclosure and Authorization Forms in their Amended Complaint, they have not attached them.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1  a release would not constitute a "willful" violation of the FCRA.  At the time Plaintiffs signed

2  their respective Disclosure and Authorization Forms, there was no controlling appellate case law

3  on the issue (there remains none), no binding and authoritative guidance from the FTC (there

4  remains none), and the statutory text concerning "a document that consists solely of the

5  disclosure" was less-than-pellucid (and remains so).  There is no willful violation of the FCRA.

6      Moreover, Plaintiff Coleman does not state any claims under analogous state law

7  (Investigative Consumer Reporting Agencies Act (ICRAA) or Consumer Credit Reporting

8  Agencies Act (CCRAA)).  Both claims are time barred because she commenced this action more

9  than two years from the discovery of the facts of the alleged violations.  Additionally, the ICRAA

10  claim is barred by the presence of the analogous FCRA claim, but, in any event, it fails because

11  the Disclosure and Authorization Form contains all of the information that Coleman alleges she

12  was not provided, i.e. name, address, telephone number, and website of the investigative consumer

13  reporting agency.  The CCRAA claim fails for the further reason that Coleman does not allege that

14  she suffered any damages.

15      For all these reasons, the Amended Complaint should be dismissed with prejudice.

16                                  **III.**

17                  **STATEMENT OF RELEVANT FACTS**

18      Pemberton was employed by Defendant at a store in Florida until January 2014.  (Am.

19  Compl. at ¶4.)[2]  Coleman was employed by Defendant at a store in California from October 2012

20  to June 2013.  (Compl. at ¶3.)[3]

21      Plaintiffs allege that "Defendant's application process" required all applicants, like

22  Plaintiffs, to execute "two separate documents" – (1) an "Employment Application" and (2) a

23  "Consent and Disclosure for Acquisition of Consumer Reports" ("Disclosure and Authorization

24  Form").  (Am. Compl. at ¶¶28-29 (emphasis added).)  Plaintiffs allege that Defendant required

---

25      [2]  Pemberton's employment was terminated in January 2014. (Am. Compl. at ¶4.)
26  Pemberton does not allege that a background check report or Defendant's procurement of such
    report had any bearing on the termination of her employment.

27      [3]  Coleman does not allege that a background check report or Defendant's procurement of
28  such report had any bearing on the termination of her employment.

1  them to provide authorization so Defendant could procure background check reports concerning

2  them (Am. Compl. at ¶38(b)) "in connection with [Defendant's] hiring process" (Am. Compl. at

3  ¶2).

4        Plaintiffs allege that the Employment Application purportedly contains a "release" of

5  claims under "the FCRA, or any other law, related to Defendant's background check

6  investigation."  (Am. Compl. at ¶30.)  The release contained in the Employment Application

7  provides as follows:

8         I have read and fully understand the questions asked in this application.  I certify
         that all of the answers I have given are true, accurate and complete.  I understand
9         that the omission and/or misrepresentation of any fact from or on this application or
         during any interviews will result in immediate rejection of my application or if I am
10        hired will be cause for immediate dismissal.  Unless I noted otherwise, I authorize
         the Company to contact all my employment references and personal references, as
11        well as the education institutions I have attached.  I further authorize the company
         to inquire about, investigate and obtain copies of any records which relate to me
12        from my former employers and educational institutions.  I hereby release Kohl's
         and all affiliated persons and entities, as well as any person or institution that
13        provides Kohl's with any lawful information about me, from any and all liability
         whatsoever resulting from any such lawful inquiry, investigation or
14        communication.

15  A copy of Plaintiffs' signed Employment Applications are attached as Exhibit A, Sub Exhibits 1,

16  3, respectively.

17        The Disclosure and Authorization Form "does not contain a release." (Am. Compl. at ¶30.)

18  Plaintiffs allege that Defendant "attempt[s] to comply with the FCRA's stand-alone disclosure

19  requirement by having applicants execute [the Disclosure and Authorization Form] that does not

20  contain a release."  (Id.)  A copy of Plaintiffs' signed Disclosure and Authorization Forms are

21  attached as Exhibit A, Sub Exhibits 2, 4-5, respectively.

22        Though Plaintiffs allege that the Employment Application and the Disclosure and

23  Authorization Form are "two separate documents," Plaintiffs allege that the release and extraneous

24  information from the Employment Application should be grafted onto the Disclosure and

25  Authorization Form so that the disclosures contained in the Disclosure and Authorization Form are

26  no longer in a "stand-alone" document.  (Am. Compl. at ¶¶28-31.)

27        Plaintiffs allege three violations of the FCRA: (1) "Failure to Make Proper Disclosure"

28  under 15 U.S.C. § 1681b(b)(2)(A)(i) (Count I); (2) "Failure to Obtain Proper Authorization" under

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

15 U.S.C. § 1681b(b)(2)(A)(ii) (Count II); and (3) "Failure to Give Proper Summary of Rights" under 15 U.S.C. § 1681d(a)(1) and 1681g(c) (Count III).  (Am. Compl. at ¶¶18-45, 46-55, and 56-62.)

Plaintiffs seek to assert their FCRA claims on behalf of the following nationwide class:

> All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

(Am. Compl. at ¶10.)

In addition, Coleman seeks to assert claims under two analogous California statutes, the Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civ. Code § 1786 *et seq.* (Count IV), and the Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785 *et seq.* (Count V).  Coleman seeks to assert these claims on behalf of California classes under the ICRAA and CCRAA.  (Am. Compl. at ¶10.)

Plaintiffs claim that Defendant's purported violations of the FCRA, ICRAA, and CCRAA were "willful." (Am. Compl. at ¶¶38, 52, 77, 92.)  In the alternative, Plaintiffs allege that Defendant's purported violations were negligent.  (Am. Compl. at ¶¶45, 55, 62, 80, 95.)  Plaintiffs do not allege that they suffered any actual damages.

## IV.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to demonstrate his claim for relief is plausible on its face.  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1    statements, do not suffice." *Id.*

2           A court does not accept as true conclusory allegations, unreasonable inferences, or

3    unwarranted deductions of fact. *See W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

4    A court also does not assume the truth of allegations that are contradicted by documents

5    referenced in the complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031

6    (9th Cir. 2008).  The court may consider documents "whose contents are alleged in a complaint

7    and whose authenticity no party questions, but which are not physically attached to the [plaintiff's]

8    pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (quotations omitted).  The

9    purpose of this rule is "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by

10   deliberately omitting references to documents upon which their claims are based." *Parrino v.*

11   *FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

12          Courts have made clear that the ICRAA and the CCRAA are based on the FCRA and

13   involve substantially the same legal analysis as claims under the FCRA.  *See, e.g., Carvalho v.*

14   *Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[B]ecause the CCRAA 'is

15   substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal

16   provisions is persuasive authority and entitled to substantial weight when interpreting the

17   California provisions.'"); *Ortiz v. Lyon Mgmt. Grp., Inc.*, 157 Cal. App. 4th 604, 613-14 (2007)

18   (describing the ICRAA and CCRAA as "modeled after" the FCRA); *Moran v. Screening Pros,*

19   *LLC*, No. 2:12-CV-05808-SVW-AG, 2012 WL 10655744, at *6 (C.D. Cal. Sept. 28, 2012)

20   (describing ICRAA and CCRAA as California's "own version of the FCRA"); *Garcia v.*

21   *UnionBanCal Corp.*, No. C 06-03762 CRB, 2006 WL 2619330, at *3 n.4 (N.D. Cal. Sept. 12,

22   2006) (describing ICRAA and CCRAA as "roughly analogous" to FCRA and noting that "the

23   legal analysis under these statutes is substantially similar to the analysis required by the FCRA").

24   Thus, case law interpreting the FCRA is equally applicable to the ICRAA and the CCRAA.

25   / / /

26   / / /

27   / / /

28   / / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.

## ARGUMENT

**A.    Coleman's Claims Are Barred By The Applicable Statutes Of Limitations (All Counts)**

Claims under the FCRA, CCRAA, and ICRAA are subject to a two-year statute of limitations, measured from the date of discovery of the violation.[4]  15 U.S.C. § 1681p; Cal. Civ. Code § 1785.33; Cal. Civ. Code § 1786.52.  Coleman discovered the alleged violation in or before October of 2012, when she alleges she received and signed the allegedly inadequate disclosure contained in the Employment Application, and Defendant allegedly procured the background report.  *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012) (recognizing two-year limitations period); *Grigoryan v. Experian Info. Solutions, Inc.*, _ F. Supp. 3d _, 2014 WL 7745883, at *8 (C.D. Cal. Dec. 18, 2014) (holding that plaintiff's FCRA and CCRAA claims were barred by statute of limitations where claims were based on credit report that plaintiff received more than two years prior to filing suit); *Natale v. TRW, Inc.*, No. C 97-3661 CRB, 1999 WL 179678, at *2 (N.D. Cal. Mar. 30, 1999) (holding that plaintiff's FCRA and CCRAA claims were barred by statute of limitations "to the extent they are based upon consumer credit reports that were provided to third parties" more than two years before filing of lawsuit).

Plaintiffs allege that "[w]hen Plaintiffs applied for employment with Defendants, Defendants required them to fill out and sign a Document entitled 'Employment Application'" – that allegedly violated the FCRA, ICRAA, and CCRAA.  (Am. Compl. at ¶¶25-26; 46; 56; 70-71;

---

[4]  The FCRA provides that actions must be brought "not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p. As explained above, the shorter limitations period applies because the only logical inference from Plaintiff's allegations is that she discovered the violation in or before October of 2012.  Similarly, the CCRAA extends the statute of limitations in situations "where a defendant has materially and willfully misrepresented any information required under this chapter to be disclosed to a consumer and the information so misrepresented is material to the establishment of the defendant's liability to the consumer under this chapter."  Cal. Civ. Code § 1785.33.  This extended statute of limitations does not apply because Plaintiffs have not pled that Defendant made any such misrepresentations.  Rather, as explained above, Plaintiffs simply allege that Defendant failed to provide adequate disclosures, not that Defendant "materially and willfully misrepresented any information" in the disclosures it did provide.

1    88-89) (emphasis added).)  Plaintiffs further allege that Defendant procured a background check

2    report on Plaintiffs "in connection with their hiring process" (Am. Compl. at ¶2 (emphasis

3    added).)  And that she worked for Defendant "from approximately October of 2012 to June of

4    2013." (Am. Compl. at ¶3 (emphasis added).)  Because Plaintiffs allege that Defendant procured

5    background reports in connection with their hiring process and that Coleman began working at

6    Defendant in October of 2012, Coleman has alleged facts showing that Defendant procured a

7    background check report on her in or before October of 2012.

8         Moreover, the documents put at issue by the amended complaint confirm that Coleman's

9    claims are time barred.  The Employment Application reflects that Coleman signed it on October

10   15, 2012.  (Ex. A, Sub Ex. 2).  Even though she does not allege that it is deficient, the Disclosure

11   and Authorization Form reflects that Coleman signed it on October 15, 2012 – and that Coleman

12   confirmed that she understood Defendant would be procuring a background check report on her

13   "for purposes of evaluating [her] suitability for employment by Kohl's" (Ex. A, Sub Ex. 5).

14   Indeed, the background check report regarding Coleman reflects that Defendant procured it by no

15   later than October 24, 2012.  Ex. A, Sub Ex. 6.[5]

16        Coleman did not commence this action until June 10, 2015 – more than two years after

17   October of 2012.  (Doc. 1.)  Accordingly, Coleman's claims are barred by the relevant statutes of

18   limitation and must be dismissed with prejudice.

19   **B.    Plaintiffs' Complaint Does Not State A Claim For A Violation Of The FCRA
             (Counts I, II, and III)**

20

21        The FCRA provides two types of violations with correspondingly different damages.  15

22   U.S.C. § 1681n identifies "willful" violations for which the consumer may recover either "actual

23   damages" or statutory "damages of not less than $100 and not more than $1,000," punitive

---

24        [5] Because Plaintiffs allege that Defendant improperly procured a background check report
25   on them after providing them with an allegedly defective disclosure, and the date of such report
     confirms that Coleman's claims are barred by the applicable statutes of limitations, such document
26   may be considered without converting this motion to one for summary judgment. In the
     alternative, if the Court determines that the allegations do not support consideration of the
27   background check report in deciding this motion to dismiss, Defendant respectfully requests that
     the Court disregard the background check report rather than convert the motion to one for
28   summary judgment at this juncture.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1  damages, and reasonable attorney's fees. *Id.* 15 U.S.C. § 1681o identifies negligent violations for

2  which the consumer may recover "actual damages sustained by the consumer as a result of the

3  failure" and reasonable attorney's fees. *Id.*

4       The term "willfully" requires a plaintiff to show that the defendant's conduct was

5  intentional or reckless. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). "'[A] company

6  subject to FCRA does not act in reckless disregard of it unless the action is not only a violation

7  under a reasonable reading of the statute's terms, but shows that the company ran a risk of

8  violating the law substantially greater than the risk associated with a reading that was merely

9  careless.'" *Id.* at 69. A violation of the FCRA is not reckless simply because the defendant's

10  understanding of a statutory obligation is "erroneous," instead, the defendant's reading must be

11  "objectively unreasonable." *Id.*

**C.**    **Plaintiffs Do Not State A Claim Under Counts I and II**

13       In Counts I and II, Plaintiffs allege that Defendant committed a "willful" violation of the

14  FCRA by failing to comply with the disclosure and authorization requirements of 15 U.S.C. §

15  1681b(b)(2)(A), which provides:

16      [A] person may not procure a consumer report, or cause a consumer report to be
    procured, for employment purposes with respect to any consumer, unless –

17

18      (i) a clear and conspicuous disclosure has been made in writing to the consumer at
    any time before the report is procured or caused to be procured, in a document that
    consists solely of the disclosure, that a consumer report may be obtained for
19      employment purposes; and

20      (ii) the consumer has authorized in writing (which authorization may be made on
    the document referred to in clause (i)) the procurement of the report by that person.

21

22  15 U.S.C. § 1681b(b)(2)(A). A "consumer report" is something prepared by "a consumer

23  reporting agency." 15 U.S.C. § 1681a(d). A "consumer reporting agency" is "any person which,

24  for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part

25  in the practice of assembling or evaluating consumer credit information or other information on

26  consumers for the purpose of furnishing consumer reports to third parties…." 15 U.S.C. § 1681a.

27       Plaintiffs do not state a claim for any violation of the FCRA, much less a "willful"

28  violation. Plaintiffs' allegations affirmatively defeat their claims. Plaintiffs allege that: the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1   Disclosure and Authorization Form is a "separate document" from the Employment Application

2   (Am. Compl. at ¶29), the Disclosure and Authorization Form "does not contain a release" (Am.

3   Compl. at ¶30), and they executed the Disclosure and Authorization Forms so Defendant could

4   then procure background check reports to consider before hiring Plaintiffs (Am. Compl. at ¶¶24-

5   25).[6]  Plaintiffs allege no facts that the Disclosure and Authorization Forms violate the FCRA.[7]

6         Forced to confront the fact that they signed compliant Disclosure and Authorization Forms,

7   Plaintiffs now argue that the Court should graft the release and other provisions from the

8   Employment Application onto the Disclosure and Authorization Forms – and then find that

9   inclusion of such grafted provisions renders the Disclosure and Authorization Forms invalid

10  because the disclosures therein would no longer be "in a document that consists solely of the

11  disclosure." Plaintiffs' request to create Dr. Frankenstein's monster out of the Disclosure and

12  Authorization Forms defies their allegations, the documents referenced in their Amended

13  Complaint, the FCRA, and common sense.

14        In addition to Plaintiffs' admission that the Disclosure and Authorization Form and

15  Employment Application are "two separate documents" (Am. Compl. at ¶29), the documents

16  themselves confirm their separateness in both form and content.  The Disclosure and

17  Authorization Form is a 1-page document, captioned as "Consent and Disclosure For Acquisition

18  of Consumer Report(s) All States Except CA/NY" (for Pemberton) and "Consent and Disclosure

19  For Acquisition of Investigative Consumer Report – California" (for Coleman), annotated in the

20  bottom right-hand corner as document "AR-019 Non Ex" (for Pemberton) and "AR-019 NonEx

21

22        [6] *See also Pemberton v. Kohl's Department Stores, Inc.*, 8:15-cv-01037 (M.D. Fla. July 2,
23  2015) at Doc. 8, ¶5 ("Before she started working for Defendant, Plaintiff filled out Defendant's
    job application and background information and consent form...Defendant *then* ran a background
24  checking [sic] constituting a consumer report, as defined by the FCRA, on Plaintiff." (emphasis
    added)).

25        [7] Neither Pemberton nor Coleman attached or mentioned the existence of the Disclosure
    and Authorization Forms in their original complaints. (*Pemberton v. Kohl's Department Stores,
26  Inc.*, 8:15-cv-01037 (M.D. Fla.) at Doc. 1.) Instead, they pretended that these documents did not
    exist. In moving to dismiss their respective complaints, Defendant attached Plaintiffs' signed
27  Disclosure and Authorization Forms. In their amended complaint in this action, Plaintiffs
    acknowledge the existence of these documents, but did not attach them to their amended
28  complaint.

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

CA" (for Coleman), marked with a printed date in the bottom left-hand corner as "08/29/12," a portrait (vertical) orientation document, and signed and dated by Plaintiffs.  (Ex. A, Sub-Exs. 2, 5.)  The Disclosure and Authorization Form expressly discloses that Defendant will utilize a third party <u>consumer reporting agency</u> to prepare a consumer report, and obtains Plaintiffs' authorization for a consumer reporting agency to prepare such report.  (Ex. A, Sub-Exs. 2, 4.)  The Disclosure and Authorization Form contains the disclosures and obtains the authorization required under 15 U.S.C. § 1681b(b)(2)(A).

In contrast, the Employment Application is a 2-page document, captioned as "Employment Application," annotated in the bottom right-hand corner as document "AR-017E," marked with a printed date in the bottom left-hand corner as "10/2012," landscape (horizontal) orientation document, and signed and dated by Plaintiffs.  (Ex. A, Sub-Ex. 1, 3.)  The Employment Application does not purport to make disclosures, obtain authorizations, or release claims concerning the procurement of consumer reports.  (Ex. A, Sub-Ex. 1, 3.)  The Employment Application simply authorizes <u>Defendant</u> to contact all Plaintiffs' employment references and personal references, as well as their education institutions, and obtain records from their former employers and educational institutions – and releases liability resulting from "<u>such</u>" inquiry.  (Ex. A, Sub-Ex. 1 at p. 2; Ex. A, Sub-Ex. 3 at p. 2.)  Specifically, the Employment Application provides as follows:

> I have read and fully understand the questions asked in this application.  I certify that all of the answers I have given are true, accurate and complete.  I understand that the omission and/or misrepresentation of any fact from or on this application or during any interviews will result in immediate rejection of my application or if I am hired will be cause for immediate dismissal.  Unless I noted otherwise, I authorize the <u>Company</u> to <u>contact all my employment references and personal references</u>, as well as the education institutions I have attached.  I further authorize the <u>Company</u> to inquire about, investigate and <u>obtain copies of any records which relate to me from my former employers and educational institutions</u>.  I hereby release Kohl's and all affiliated persons and entities, as well as any person or institution that provides Kohl's with any lawful information about me, from any and all liability whatsoever resulting from any <u>such</u> lawful inquiry, investigation or communication.

(Doc. 8 at Ex. A, p. 2 (emphasis added).)  Plaintiffs do not allege that Defendant is a "consumer reporting agency."  Accordingly, the "inquiry" and corresponding "release" referenced in the Employment Application have nothing to do with the procurement of a consumer report – or

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1  release of liability for running a consumer report.  The Employment Application simply authorizes

2  Defendant to contact the applicant's personal, employer, and education references.

3      Even if the Court grafted the unrelated release from the Employment Application onto the

4  Disclosure and Authorization Form, the inclusion of such release would not state a claim for a

5  willful violation of the FCRA.  *Schoebel v. Am. Integrity Ins. Co. of Fla.*, No.8:15-cv-380-T-24

6  AEP, 2015 WL 3407895, at *10 (M.D. Fla. May 27, 2015)[8] (granting 12(b)(6) motion to dismiss

7  with prejudice alleged willful violation of the FCRA's disclosure and authorization requirements

8  where the disclosure form included liability releases because the inclusion of such provisions "was

9  not based on an objectively unreasonable interpretation of the statute"); *Syed v. M-I LLC*, Civ. No.

10 1:14-742 WBS BAM, 2014 WL 5426862 (E.D. Cal. Oct. 23, 2014) (same).

11     In *Schoebel*, while applying for a job in July of 2012, the plaintiff signed a background

12 check disclosure and authorization form "in connection with [her] application for employment"

13 that included the following waiver or release language:

14     I hereby waive any and all written notice of disclosure that may be required by
       applicable local, state or federal laws of my past and/or present employer(s),
15     individuals, or institutions.  In exchange for the consideration of my employment
       application, I hereby release and forever discharge, without reservation, the
16     Company (including its directors, officers, employees, agents, contractors and
       subcontractors) and my past and/or present employers (their directors, officers,
17     employees and agents) from any liabilities that may result from an investigation of
       my past and/or present employment or from the disclosure of any information.  I
18     further acknowledge that a facsimile or photocopy of this document will be valid as
       an original.
19
20     THIS INFORMED CONSENT AND RELEASE STATES THAT YOU
       KNOWINGLY AND VOLUNTARILY AGREE TO RELEASE CERTAIN
       PERSONAL RIGHTS.  IT MAY BE ADVISABLE FOR YOU TO SEEK LEGAL
21     COUNSEL PRIOR TO ENTERING INTO THIS AGREEMENT.

22 *Schoebel,* 2015 WL 3407895, at *2.

23     The plaintiff in *Schoebel* alleged that the inclusion of such waiver and release constituted a

24 willful violation.  In support of the contention that the defendant acted willfully, the plaintiff made

25 the following allegations:

26 / / /

27     _____
       [8] Pemberton's attorneys, Wenzel Fenton Cabassa, P.A., are the same attorneys as in
28 *Schoebel.  Id.*

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

(1)  due to Defendant's placement of a release of liability within the BIA form, Defendant knew of its potential FCRA liability (which is precisely why it tried to avoid it);

(2)  Defendant consciously chose the release as its preferred means of attempting to avoid liability under the FCRA rather than complying with the FCRA's requirements;

(3)  Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

(4)  Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute;

(5)  Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

(6)  the consumer reporting agency that provided Plaintiff's consumer report information to Defendant published numerous FCRA-related articles and compliance self-help materials made available to Defendant.

*Id.* at *2.[9]

The court granted the defendant's Rule 12(b)(6) motion to dismiss with prejudice the plaintiff's claim for a willful violation.  The court held that the inclusion of liability releases in the disclosure and authorization form did not constitute a "willful violation" because the inclusion of such provisions "was not based on an objectively unreasonable interpretation of the statute." *Schoebel*, 2015 WL 3407895, at *10.  The court explained that, "at the time Plaintiff signed the [disclosure and authorization form]," there was no controlling appellate case law on the issue, no binding and authoritative guidance from the FTC, and less-than-pellucid statutory text.  *Id.* at *8-9.

---

[9]  "Merely alleging that a defendant should be aware of a statute and fails to comply with it … is insufficient to state a claim for willfulness." *Komorowski v. All-American Indoor Sports, Inc.*, No. 13-2177-SAC, 2013 WL 4766800, *3 (D. Kan. Sept. 4, 2013) (dismissing a complaint for a willful violation of the FCRA because the complaint did not set forth sufficient allegations of willful conduct by the defendant).  As the Court distilled, "[i]n essence, Plaintiff is suggesting that because most businesses know the law and follow it, the Defendant's failure to do so must have been willful.  But this is an allegation that could be leveled (and apparently is) in every FACTA case ….  Under *Iqbal* and *Twombly*, there has to be something more." *Id.* at *4; *see also Huggins v. SpaClinic, LLC*, No. 09 C 2677, 2010 WL 963924, at *2 (N.D. Ill. 2010) (granting motion to dismiss for failure to adequately allege a willful violation); *Crupar-Weinmann v. Paris Baguette America, Inc.*, No. 13 Civ. 7013 (JSR), 2014 WL 2990110, at *4 (S.D.N.Y. June 30, 2014) (same).

Here, the rationale for dismissing Plaintiff's claim for a willful violation is stronger than in *Schoebel*. Plaintiffs admit that the Disclosure and Authorization Form was a "separate document" and "did not contain a release." (Am. Compl. at ¶¶29-30). Instead, Plaintiffs ask the Court to graft release language from another "separate document" (the Employment Application) onto the Disclosure and Authorization Form – in order to render it allegedly in violation of the FCRA. Like the inadequate allegations of willfulness alleged in *Schoebel*, Plaintiffs make essentially the same conclusory and insufficient allegations of willfulness:

> (a) Defendants are a large corporation with access to legal advice;
>
> (b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;
>
> (c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and
>
> (d) The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.
>
> (e) Due to Defendants' placement of a release of liability within [the Employment Application], Defendant knew of its potential FCRA liability (which is precisely why they tried to avoid it);
>
> (f) The consumer reporting agency that provided Plaintiffs' consumer report information to Defendants (LexisNexis) has published numerous FCRA-related articles and compliance self-help materials available both online, and through LexisNexis, and provided them to Defendants.

(Am. Compl. at ¶¶38, 52, 56). In *addition*, and curiously, Plaintiffs cite *Banga v. Experian Info. Solutions*, 2010 U.S. Dist. LEXIS 25569, at *4 (N.D. Cal. Mar. 17, 2010) as further support for their position that Defendant has committed willful violations of the FCRA in this case. (Am. Compl. at ¶¶41, 50.) *Banga* did not involve disclosures regarding or authorizations to procure consumer reports in the employment context. The *pro se* plaintiff in that case alleged that Defendant made an improper credit inquiry after his account had been closed. The court found that Defendant did not commit a willful or negligent violation of the FCRA and granted Defendant summary judgment, and the Ninth Circuit affirmed that ruling. *Banga v. Experian Info. Solutions*, 473 F. App'x. 699, 2012 U.S. App. LEXIS 10516 (9th Cir. May 15, 2012). If anything, *Banga*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

shows that Defendant has a history of compliance with the FCRA.

Though Plaintiffs' insufficient allegations of willfulness are enough to dismiss their claim for willful violations, Plaintiffs' affirmative allegations require dismissal because they concede that Defendant did not act willfully.  Specifically, Plaintiffs allege that Defendant "<u>attempt[s] to comply with the FCRA's stand-alone disclosure requirement</u> by having applicants execute [the Disclosure and Authorization Form] that does not contain a release." (Am. Compl. at ¶30 (emphasis added).)

At the time Plaintiffs signed the Disclosure and Authorization Form (June 2013 (Pemberton) and October 2012 (Coleman)), there was no controlling appellate case law on the issue (there remains none), no binding and authoritative guidance from the FTC (there remains none), and the statutory text concerning "a document that consists solely of the disclosure" was less-than-pellucid (and remains so). *Schoebel,* 2015 WL 3407895, at *8-9; *Syed*, 2014 WL 5426862, at *2-3 (granting motion to dismiss and explaining that "[t]he inability of district courts around the country to agree on whether a combined disclosure and liability release violates the FCRA suggests that the statute is 'less than pellucid,' *Safeco,* 551 U.S. at 70, or at least not as clear as plaintiff claims.  And in light of the divergent positions taken by courts on this issue, the court cannot conclude that defendants' interpretation of the requirement that the disclosure appear on a form consisting 'solely of the disclosure' is erroneous, let alone objectively unreasonable.'")

Plaintiffs do not state a claim for any violation of the FCRA – much less a willful violation – and, accordingly, the Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

**D.    Plaintiffs Do Not State A Claim Under Count III**

In Count III, Plaintiffs purport to bring a cause of action against Kohl's for violation of 15 U.S.C. § 1681d(a)(1).  That section provides:

> A person may not procure or cause to be prepared an investigative consumer report on any consumer unless--
>
> **(1)** it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

1   to the consumer, not later than three days after the date on which the report was
2   first requested, and (B) includes a statement informing the consumer of his right to
    request the additional disclosures provided for under subsection (b) of this section
3   and the written summary of the rights of the consumer prepared pursuant to section
    1681g(c) of this title;

4   15 U.S.C. § 1681d(a)(1).

5       Under the FCRA, an "investigative consumer report" is "a consumer report or portion

6   thereof in which information on a consumer's character, general reputation, personal

7   characteristics, or mode of living is obtained through personal interviews with neighbors, friends,

8   or associates of the consumer reported on or with others with whom he is acquainted or who may

9   have knowledge concerning any such items of information." 15 U.S.C. § 1681a(e) (emphasis

10  added).

11      Plaintiffs allege that they signed an Employment Application authorizing Defendant to

12  "contact all my employment references and personal references, as well as the education

13  institutions I have attached." (Am. Compl. at ¶¶ 26, 46, 56.) They make no factual allegations that

14  anyone other than Defendant conducted any "personal interviews" regarding their character,

15  general reputation, personal characteristics, or mode of living. And as explained above, there are

16  no allegations that Defendant is a "consumer reporting agency." *Garcia v. UnionBanCal Corp.*,

17  No. C 06-03762 CRB, 2006 WL 2619330, at *2 (N.D. Cal. Sept. 12, 2006) (holding that

18  defendant was not a "consumer reporting agency" where plaintiff "does not allege that [defendant]

19  produced the information…for the purpose of providing it to any third party"). In short, there are

20  no allegations that a consumer reporting agency prepared an investigative consumer report

21  regarding Plaintiffs. In the absence of an investigative report having been run, 15 U.S.C. §

22  1681g(c), is inapplicable. For this further reason, Plaintiffs' claims under 15 U.S.C. § 1681d(a)(1)

23  and 15 U.S.C. § 1681g(c) must be dismissed.

24  **E.    Plaintiffs Do Not State A Claim For Actual Damages (All Counts)**

25      The FCRA identifies negligent violations and provides that the consumer may recover

26  "actual damages sustained by the consumer as a result of the failure" along with reasonable

27  attorney's fees. 15 U.S.C. § 1681o. The CCRAA only provides that a "consumer who suffers

28  damages as a result of a violation of this title by any person may bring an action in a court of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PAYNE & FEARS LLP

ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1   appropriate jurisdiction against that person to recover ….” Cal. Civ. Code § 1785.31.  The

2   ICRAA provides for only “actual damages,” costs, and reasonable attorney's fees in the

3   absence of gross negligence or willfulness.[10]  Cal. Civ. Code § 1786.50.

4          Plaintiffs do not state a claim for a negligent violation of the FCRA, CCRAA, or ICRAA

5   because Plaintiffs do not allege actual damages.  *Banga v. First USA, NA*, 29 F. Supp. 3d 1270,

6   1279 (N.D. Cal. 2014) (granting summary judgment on claim for negligent violation of CCRAA

7   “because Plaintiff has not adduced evidence demonstrating that she suffered any actual damages”);

8   *Menefee v. City of Country Club Hills*, No. 08 C 2948, 2008 WL 4696146 (N.D. Ill. Oct. 23, 2008)

9   (granting motion to dismiss FCRA claim and explaining that “[s]ince Menefee alleged no actual

10  damages, his Amended Complaint cannot go forward”); *Morse v. USAA Fed. Savings Bank*, No.

11  2:12–CV–00381–KJD–RJJ, 2012 WL 6020090 (D. Nev. Dec. 3, 2012) (dismissing FCRA claim

12  because “Plaintiff fails to plead any facts showing actual damages….”).

13         Because Plaintiffs do not allege actual damages, their claims for negligent violations of the

14  FCRA, CCRAA, and ICRAA should be dismissed.

15  **F.     Coleman Does Not State A Claim For A Violation Of The ICRAA (Count IV)**

16         In Count IV, Coleman alleges that Defendant violated the ICRAA by failing to comply

17  with the disclosure and authorization requirements of Cal. Civ. Code § 1786.  (Compl. at ¶¶51-

18  59.)  Just like her FCRA claims, Coleman alleges that Defendant made purportedly deficient

19  disclosures in the Employment Application.  (Am. Compl. at ¶¶67-73.)  For the same reasons

20  Coleman did not state a claim under the FCRA, including the Disclosure and Authorization Form

21  (Ex. A, Sub Ex. 4; Ex. A, Sub Ex. 5), Coleman fails to state a claim under the ICRAA.  *Supra* at

22  pp. 9:11 – 16:22.  Indeed, the Disclosure and Authorization Form contains all of the information

23  that Coleman alleges she was not provided, i.e. name, address, telephone number, and website of

24  the investigative consumer reporting agency.  (Ex. A, Sub Ex. 4; Ex. A, Sub Ex. 5.)

25         In addition, the ICRAA explicitly provides that a defendant “shall not be subject to suit for

26  the same action or omission” under the ICRAA if an action is pending against that defendant

27  _____

[10] The ICRAA provides for statutory damages in individual actions, but not in class

28  actions. *See* Cal. Civ. Code § 1786.50(a)(1).

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

under the FCRA.  Cal. Civ. Code § 1786.52.  Coleman's ICRAA claim is based on "the same act or omission" as her FCRA claim because both claims are based on her allegation that Defendant provided inadequate disclosures to Coleman before procuring a consumer report.  (*See* Am. Compl. at ¶¶26, 71.)  In fact, the exact same forms, the Employment Application and Disclosure and Authorization Form, underlie all of her allegations.  For this further reason, Coleman's ICRAA claims must be dismissed.

Finally, the ICRAA defines an "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."  Cal. Civ. Code § 1786.2(c).  It expressly excludes reports "limited to specific factual information relating to a consumer's credit record…."  *Id.*

The CCRAA defines a "consumer credit report" as "any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for…employment purposes."  Cal. Civ. Code § 1785.3(c).  It excludes "any report containing information solely on a consumer's character, general reputation, personal characteristics, or mode of living which is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on, or others with whom he is acquainted or who may have knowledge concerning those items of information."  Cal. Civ. Code § 1785.3(c)(5).

In *Moran v. The Screening Pros, LLC*, No. 2:12-cv-05808-SVW-AGR, 2012 WL 10655744 (C.D. Cal. Sept. 28, 2012), the court held that the ICRAA is unconstitutionally vague as applied to reports containing criminal history information.  *Id.* at *5.  The court reasoned that the exemptions built into the two statutes "imply that the CCRAA's scope over creditworthiness information could otherwise include character information, and the ICRAA's scope over character information would otherwise embrace creditworthiness information."  *Id.* at *6.  For essentially the same reasons, the court in *Ortiz v. Lyon Mgmt. Grp., Inc.*, 157 Cal. App. 4th 604, 612-19 (2007) held that the ICRAA is unconstitutionally vague as applied to reports containing unlawful detainer (eviction) information.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

Coleman alleges that Defendant "routinely acquire[s] consumer, investigative consumer and/or consumer credit reports (referred to collectively as 'credit and background reports') to conduct background checks…." (Am. Compl. at ¶2.)  Coleman alleges that Defendant procured "background checks" that fall within the ICRAA's definition of an investigative consumer report but provides no further factual allegations concerning what those "background checks" might be.  Similarly, Coleman alleges that Defendant procured "credit reports" that fall within the CCRAA's definition of a "consumer credit report" but provides no further factual allegations concerning what those "credit reports" might be.  In her FCRA counts, Coleman alleges both that "a credit and background report qualifies as a consumer report" and that "a credit and background report also qualifies as an investigative consumer report." (Compl. at ¶¶21-22.)  In short, Coleman alleges that any "report" that Defendant procured could fall within the coverage of both the CCRAA and the ICRAA.

*Moran* and *Ortiz* made clear that the ICRAA is unconstitutionally vague as applied to reports that contain criminal history or unlawful detainer information because such reports could fall under both the CCRAA and the ICRAA, such that a defendant does not know with which statute it must comply.  The same situation is present here.  According to Coleman's allegations, it is impossible to determine whether any "reports" that Defendant allegedly obtained would fall within the CCRAA or the ICRAA.  Coleman's allegations are not sufficient to put Defendant on notice of what it is accused of doing wrong, and Coleman's ICRAA claims must be dismissed because the statute is unconstitutionally vague as applied.

**G.   Coleman Does Not State Any Claim For A Willful Violation Of The ICRAA Or CCRAA (Counts IV And V)**

Like her claims under the FCRA, Coleman seeks to assert claims for willful violations under the ICRAA and CCRAA.  The ICRAA allows a court to assess punitive damages for "grossly negligent or willful" violations.  Cal. Civ. Code § 1786.50(b).  The CCRAA provides for punitive damages for "willful[]" violations in class actions.  Cal. Civ. Code § 1785.31(c).  For the same reasons that Coleman does not state a claim for a willful violation of the FCRA, she does not state a claim for a "grossly negligent or willful" violation of the ICRAA or a "willful" violation of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

1  the CCRAA. *Supra* at pp. 8:18 – 15:18.

2      Accordingly, Plaintiff's claim for a "willful" violation of these statutes should be

3  dismissed.

4                                        **VI.**

5                                   **CONCLUSION**

6      Kohl's respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its

7  entirety and with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs

8  have failed to state a claim upon which relief may be granted.

9  DATED: August 7, 2015                PAYNE & FEARS LLP

10

11

12  By:    _____
                    */s/ Leila Narvid*
                    LEILA NARVID

13

14  Attorneys for Defendant
    KOHL'S DEPARTMENT STORES, INC.

15  DATED: August 7, 2015                BAKER & HOSTETLER LLP

16

17

18  By:    _____
                    */s/ Joel Griswold*
                    JOEL C. GRISWOLD

19

20  Attorneys for Defendant
    KOHL'S DEPARTMENT STORES, INC.

21

22  4832-4073-3222.1

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860