UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYONIE COLEMAN, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>                    Defendant. | Case No.  15-cv-02588-JCS<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 31, 32 |

**I.      INTRODUCTION**

Plaintiffs Kayonie Coleman and Diane Pemberton bring this putative class action against Defendant Kohl's Department Stores, Inc. ("Kohl's"), alleging that Kohl's violated certain state and federal credit reporting statutes in the course of conducting pre-employment background checks.  Kohl's moves to transfer venue and also to dismiss the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons discussed below, the Motion to Transfer Venue is DENIED, and the Motion to Dismiss is GRANTED.

**II.     BACKGROUND**

Plaintiffs are former hourly, non-exempt employees of Kohl's Department Stores.  Kohl's employed Coleman in a California store location from October 2012 to June 2013.  Kohl's employed Pemberton in a Kissimmee, Florida store location from mid-2014 to January 15, 2014.

Plaintiffs allege, on behalf of themselves and all others similarly situated, that Kohl's unlawfully acquired applicants' consumer reports in the course of the hiring process.  Specifically, they allege that Kohl's provided two forms for the application process—a document entitled "Employment Application," and another document entitled "Consent and Disclosure for Acquisition of Consumer Report(s)" ("Consent and Disclosure Form").  Declaration of Jennifer

United States District Court<br>Northern District of California

1    Turzenski ("Turzenski Decl."), Dkt. No. 31, Ex. 1 ("Pemberton App."), Ex. 3 ("Coleman App.").[1]

2         Both Plaintiffs received identical Employment Applications.  The document consists of

3    two pages presented in landscape format.  The title, "Employment Application," appears at the top

4    of the first page of the document, and both pages have the form code, "AR-017E," listed in the

5    lower right hand corner.  The first page of the Employment Application requires the applicant to

6    fill out identifying information (*e.g.*, name, address, telephone number, age), the employment

7    position sought, shift availability, and information related to the applicant's employment history.

8    The second page requests the applicant to disclose his or her criminal history, if any.  At the

9    bottom of this second page, above the applicant signature line, the Employment Application

10   contains the following "Applicant's Statement" regarding Kohl's pre-employment check:

11            I have read and fully understand the questions asked in this
         application.  I certify that all of the answers I have given are true,
12       accurate and complete.  I understand that the omission and/or
         misrepresentation of any fact from or on this application or during
13       any interview will result in immediate rejection of my application or
         if I am hired will be cause for immediate dismissal.  Unless I noted
14       otherwise, I authorize the Company to contact all my employment
         references and personal references, as well as the education
15       institutions I have attended.  I further authorize the Company to
         inquire about, investigate and obtain copies of any records which
16       relate to me from my former employers and educational institutions.
         *I hereby release Kohl's and all affiliated persons and entities, as*
17       *well as any person or institution that provides Kohl's with any*
         *lawful information about me, from any and all liability whatsoever*
18       *resulting from any such lawful inquiry, investigation or*

19   _____

[1] Kohl's has provided Plaintiffs' Employment Application and Consent and Disclosure Forms as
exhibits to its dismissal motion brief.  While the Court would ordinarily be limited to only the
complaint in deciding a Rule 12(b)(6) motion, additional documents may be considered under
certain circumstances.  A court may consider evidence on which a complaint "necessarily relies,"
if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim;
and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v.
Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted); *see also Rubio v. Capital One Bank*,
613 F.3d 1195, 1199 (9th Cir. 2010) (permitting a court to consider a document submitted
"'whose contents are alleged in [the] complaint and whose authenticity no party questions'"
(citation omitted)).

Here, first, Plaintiffs' FAC refers to the documents.  The FAC refers to an "Exhibit A"
(presumably the Employment Application) and an "Exhibit B" (presumably the Consent and
Disclosure Form); however, it does not have any exhibits attached.  Second, the documents form a
central component in Plaintiffs' theories of liability against Kohl's.  And third, neither Kohl's,
who provided the exhibits, nor Plaintiffs, who refer to the exhibits in their Opposition brief, has
contested the authenticity of the documents.  Accordingly, the Court finds it proper to consider the
exhibits provided.

United States District Court
Northern District of California

*communication*.

> If hired, I agree to abide by all of the rules and regulations of the Company.   I understand and agree that nothing in this application shall constitute an offer, a contract or a guarantee of employment for a specific period of time.  If hired, I understand that my employment is at-will and may be terminated with or without cause and with or without notice at any time, at the option of either Kohl's or myself. I further understand that no representative or agent of the Company, other than the Senior Vice President of Human Resources, has the authority to enter into any agreement for employment for any specific period of time, or to make an agreement contrary to the foregoing.  I also understand that any agreement modifying my at-will employment status must be in writing and signed by the Senior Vice President of Human Resources.  In addition, I understand that the Company and all plan administrators shall have the maximum discretion permitted by law to administer, interpret, modify, discontinue, enhance or otherwise change all policies, procedures, benefits or other terms and conditions of employment.  I understand that any hiring decision is contingent upon my successful completion of all of the Company's lawful pre-employment checks, which may include a background check.  I agree to execute any consent forms necessary for the Company to conduct its lawful pre-employment checks.

Pemberton App. at 1; Coleman App. at 1 (emphasis added).  The Applicant's Statement includes a release of liability resulting from injuries sustained in connection with the pre-employment check. Pemberton's and Coleman's signatures appear on the signature line below this Applicant's Statement, and are dated June 11, 2013 and October 15, 2012, respectively.

Next, Plaintiffs were also given a Consent and Disclosure Form.  Turzenski Decl., Ex. 2 ("Pemberton Form"); Ex. 4 ("Coleman Form").  Pemberton's Consent and Disclosure Form differed slightly from Coleman's; however, they are substantively identical.[2]  The title, "Consent and Disclosure for Acquisition of Consumer Report(s), All States Except CA/NY," appears at the top of Pemberton's form.  The form code, "AR-019 NonEx," appears in the lower right-hand corner of this document.  In contrast, Coleman's Consent and Disclosure Form was intended for California applicants, and is entitled, "Consent and Disclosure for Acquisition of Investigative Consumer Report—California."  Likewise, the form code, "AR-019 NonEx CA," appears in the lower right hand portion of Coleman's form.

For both Pemberton and Coleman, their Consent and Disclosure Forms consist of one

---

[2] Pemberton's Consent and Disclosure Form was intended for applicants applying to Kohl's store locations in all states except California and New York.

United States District Court
Northern District of California

1    page, and is presented in portrait layout.  In the upper boxed portion of the document, the form

2    requests the applicant's identifying information (*e.g.*, name, date of birth, social security number,

3    driver's license number, and present and previous addresses).  The lower boxed portion discloses

4    certain information (the "disclosure statement"):  (1) that Kohl's would use a consumer reporting

5    agency to obtain consumer reports or investigative consumer reports on the applicant; (2) that the

6    report could include personal information such as criminal history, past employment, personal

7    references, drug offenses, and sex offender status; (3) the name, address, and contact information

8    for the consumer reporting agency; (4) the method by which the applicant may dispute the report;

9    (5) and that Kohl's may rely, in whole or in part, on the information gathered in the report to make

10   hiring decisions.  Pemberton's and Coleman's signatures appear on the signature line below this

11   disclosure, dated June 11, 2013 and October 15, 2012, respectively.

12          On April 3, 2015, Pemberton filed a complaint against Kohl's in the Middle District of

13   Florida alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

14   *Pemberton v. Kohl's Dep't Stores, Inc.*, No. 15-cv-1037-EAK (AEP), Dkt. No. 1.  On July 10,

15   2015, Coleman separately filed a complaint against Kohl's in the Northern District of California

16   alleging similar claims in addition to state claims.  Dkt. No. 1 (Compl.).  Pemberton voluntarily

17   dismissed her Florida lawsuit on July 21, 2015, and two days later on July 23, 2015, Coleman filed

18   the present FAC adding Pemberton as a plaintiff.  Dkt. No. 21.  The five-count FAC pled FCRA

19   claims in Counts One, Two, and Three; a California Investigative Consumer Reporting Agencies

20   Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*, claim in Count Four; and a California Consumer

21   Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq.*, claim in Count

22   Five.[3]  Kohl's filed a Motion to Transfer Venue and a Motion to Dismiss for failure to state a

23   claim on August 7, 2015.  Dkt. Nos. 31, 32.  The Court held a hearing on the Motions on

24   September 25, 2015.

25   **III.    MOTION TO TRANSFER VENUE**

26          Kohl's moves to transfer venue to the Eastern District of Wisconsin, or in the alternative,

27   

28   _____
     [3] During argument on the Motion, Plaintiffs conceded that Count Five was subject to dismissal.
     Accordingly, Count Five is dismissed with prejudice.

1  to the Middle District of Florida.  Dkt. No. 31.  For the reasons stated on the record at the hearing,

2  the Motion to Transfer Venue is DENIED.

3  **IV.    MOTION TO DISMISS**

4      Kohl's moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for

5  failure to state a claim upon which relief may be granted.

6      **A.    Legal Standard Under Rule 12(b)(6)**

7      "The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the

8  complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  The

9  complaint need only satisfy the Rule 8(a) standard, which requires a "short and plain statement of

10  the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff need

11  not plead a *prima facie* case in order to survive a motion to dismiss pursuant to Rule 12(b)(6).

12  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514–15 (2002).  However, the complaint must

13  "contain either direct or inferential allegations respecting all the material elements necessary to

14  sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562

15  (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984));

16  *Prosser v. Navient Solutions, Inc.*, No. 15-cv-01036-SC, 2015 U.S. Dist. LEXIS 118018, at *5–7

17  (N.D. Cal. Sept. 3, 2015) ("The allegations made in a complaint must be 'sufficient allegations of

18  underlying facts to give fair notice and to enable the opposing party to defend itself effectively'

19  and 'must plausibly suggest an entitlement to relief' such that 'it is not unfair to require the

20  opposing party to be subjected to the expense of discovery and continued litigation.'" (quoting

21  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  In ruling on a Rule 12(b)(6) motion to

22  dismiss, the court analyzes the complaint and takes "all allegations of material fact as true and

23  construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v.

24  Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

25      **B.    Statute of Limitations**

26      As an initial matter, Kohl's argues that Coleman's claims are barred under the applicable

27

28

United States District Court
Northern District of California

statute of limitations.[4]   For the reasons that follow, the Court declines to dismiss Coleman's claims on limitations grounds.

### 1.   Statute of Limitations as a Defense in a Rule 12(b)(6) Motion

If the expiration of the applicable statute of limitations is apparent from the face of the complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss.  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  This is true even though expiration of the limitations period is an affirmative defense, because Federal Rule of Civil Procedure 9(f) "makes averments of time and place material for the purposes of testing the sufficiency of a complaint."  *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir. 1950).  When a motion to dismiss is based on the running of the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Jablon*, 614 F.2d at 682.  In contrast, where the statute of limitations question turns on factual issues that may be disputed, the question is more appropriately addressed at a later stage of the proceeding.  *See id.*

### 2.   Kohl's Has Not Met Its Burden to Show That Coleman's Claims Are Time-Barred.

Kohl's asserts that Coleman's claims in the FAC should be dismissed because they are barred under the applicable statute of limitations.  To prevail on this argument, Kohl's must establish that it is apparent from the face of the FAC both that the limitations period has passed and that Coleman could not prove that the respective statutes were tolled.  Kohl's has not met that burden.

An action under the FCRA may be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p.  Similarly, under the ICRAA, "[a]n action to enforce any liability created under this title may be brought in any appropriate court of competent jurisdiction within two years from the date of discovery."  Cal. Civ. Code § 1786.52.

---

[4] Kohl's does not assert that Pemberton's claims are untimely.

6

United States District Court
Northern District of California

1    Here, it is not obvious from the face of the FAC that Coleman's claims are barred by the

2 applicable limitations periods.  Kohl's argues that Coleman became aware of the facts constituting

3 the alleged violations on the date she signed the Employment Application and Consent and

4 Disclosure Form in October 2012, and contends she was therefore required to sue within two years

5 of that "date of discovery."  But, Kohl's did not necessarily violate the FCRA or the ICRAA on

6 the date Coleman signed those forms.  Both statutes make it unlawful to "procure" a report

7 without first providing the proper disclosure and receiving the consumer's written authorization.

8 Therefore Kohl's could not have violated those statutes until it procured a report on Coleman.

9    The FAC does not make clear when Kohl's procured the relevant report.  Rather, the FAC

10 and exhibits provided by Kohl's refer only to October 15, 2012, the date Coleman signed her

11 forms.  That date does not necessarily start the clock on her claims.  Accordingly, the motion to

12 dismiss on statute of limitations grounds is denied.  *See Supermail Cargo, Inc. v. United States*, 68

13 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed [on limitations grounds]

14 unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the

15 timeliness of the claim.").

16    **C.    FCRA Claims (Counts One, Two, and Three)**

17    Plaintiffs seek statutory damages for Kohl's alleged FCRA violations under 15 U.S.C.

18 § 1681n.[5]  To withstand a motion to dismiss, therefore, Plaintiffs must sufficiently plead that an

19 FCRA violation existed, and that the violation was willful.

20    **1.   Count One (Failure to Make Proper Disclosures)**

21    Count One of the FAC alleges that the forms Kohl's provided Plaintiffs to obtain consumer

22 reports violated § 1681b(b)(2)(A)(i) of the FCRA.  That provision reads as follows:

23        (A) In general. Except as provided in subparagraph (B), a person
              may not procure a consumer report, or cause a consumer report to be

24

25 _____

[5] In the FAC, Plaintiffs initially appeared to also seek actual damages under 15 U.S.C. § 1681o.

26 FAC ¶¶ 45 (Count One) ("In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs allege that the violations were negligent and seek the appropriate remedy, if any,

27 under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs."), 55 (Count Two) (same), 62 (Count Three) (same).  However, Plaintiffs have conceded in their reply brief that

28 they no longer seek relief under § 1681o.  Reply at 11 ("Here, because Plaintiff has alleged only statutory damages, the applicable standard is willfulness.").

procured, for employment purposes with respect to any consumer, unless—

(i) a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2) (emphasis added).  Therefore, § 1681b(b)(2)(A)(i) requires that before seeking a consumer report, Kohl's must first give "a clear and conspicuous" disclosure that it may obtain such a report for employment purposes, "in a document that consists solely of the disclosure" (the "standalone requirement").

Plaintiffs' theory is that the Employment Application and Consent and Disclosure Form are, in actuality, one document as "part of the same employment packet."  As a result, they argue, this document violates § 1681b(b)(2)(A)(i) because the disclosure contained in the Consent and Disclosure Form now appears together with "other extraneous information" in the Employment Application, such as a release of liability provision.  Plaintiffs argue that this violates the "clear and conspicuous" and standalone requirements in § 1681b(b)(2)(A)(i).  Kohl's disputes this characterization and argues that the documents cannot be read together because they are two separate forms serving two separate functions in the company's applicant screening process.  In support, Kohl's argues that the forms contain different and distinct formatting, as well as separate titles identifying the different function each serves.

Based on the pleadings presented, the Court finds that Plaintiffs have not sufficiently alleged Kohl's failure to comply with the statute.  To an extent, Plaintiffs themselves acknowledge in their FAC that the Employment Application and Consent and Disclosure Form comprise "two separate documents."  *See* FAC ¶ 29.  In addition, the exhibits attached to Kohl's motion papers also support this interpretation.  Each form separately bears Pemberton's and Coleman's signature. The Employment Application is formatted in landscape, bears a separate title, and contains a separate form code.  More importantly, the Employment Application appears to serve a different and distinct function.  It requests certain employment-related information about the applicant such

United States District Court
Northern District of California

1    as basic identifying information, criminal history, and authorization and release for the company

2    to "contact . . . employment references and personal references, as well as education institutions."

3    In contrast, the Consent and Disclosure Form is formatted in portrait, and bears a distinct title and

4    form code.  Neither party disputes that the purpose of this document relates to consumer reports

5    only.  It contains a disclosure and authorization provision, and also identifies other relevant

6    information such as the consumer reporting agency and the consumer's right to review the report

7    obtained.  Accordingly, on the face of these pleadings, Kohl's appears to have provided two

8    separate documents to Plaintiffs, in compliance with the FCRA.

9           Plaintiffs also argue that the Employment Application and the Consent and Disclosure

10   Form comprise one document because they were presented together at the same time.  However,

11   the Court is not aware of any authority supporting this contention that merely presenting these

12   documents together violates § 1681b(b)(2)(A)(i), and the two cases to which Plaintiffs cite lend no

13   support either.  Opp. at 1, 2, 18 (citing *Speer v. Whole Food Mkt. Grp., Inc.*, No. 8:14-CV-3035-T-

14   26TBM, 2015 U.S. Dist. LEXIS 40462 (M.D. Fla. Mar. 30, 2015) and *Avila v. NOW Health Grp.,*

15   *Inc.*, No. 14 C 1551, 2014 U.S. Dist. LEXIS 99178 (N.D. Ill. July 17, 2014)).  In both of those

16   cases, the employer presented a release of liability with either a disclosure or authorization

17   provision together *in the same document*.  *See Speer*, 2015 U.S. Dist. LEXIS 40462 at *2–3; *Avila*,

18   2014 U.S. Dist. LEXIS 99178 at *5–6.  Here, in contrast, the disclosure and authorization

19   provisions appear in one document (the Consent and Disclosure Form) while a release of liability

20   appears in a separate document (the Employment Application).  Plaintiffs have not cited cases

21   addressing the facts presented here, and neither *Speer* nor *Avila* lends support for their assertion.

22          For these reasons, the Court finds that Plaintiffs have not set forth sufficient factual

23   allegations that Kohl's violated § 1681b(b)(2)(A)(i) of the FCRA.  Kohl's Motion to Dismiss

24   Count One is therefore GRANTED with leave to amend the FAC, if Plaintiffs can show that the

25   forms presented here violated the FCRA.

26                        **2.  Count Two (Failure to Obtain Proper Authorization)**

27          Count Two alleges that Kohl's violated § 1681b(b)(2)(A)(ii) of the FCRA because it failed

28   to obtain proper authorization to request Plaintiffs' consumer reports.  Plaintiffs' argument is that

United States District Court
Northern District of California

9

1   because the Employment Application and Consent and Disclosure Form were defective (for the

2   reasons they allege in Count One), so too were their signatures authorizing Kohl's to request

3   consumer reports.  As discussed above however, Plaintiffs fail to sufficiently allege that those

4   forms violated the FCRA.  Accordingly, Plaintiffs also fail to sufficiently allege that the

5   authorizations were defective.  Kohl's Motion to Dismiss Count Two is therefore GRANTED with

6   leave to amend.

7   ### 3.   Count Three (Failure to Give Proper Summary of Rights)

8   In Count Three, Plaintiffs allege that Kohl's violated the FCRA provisions contained in 15

9   U.S.C. § 1681d(a).  It provides in relevant part:

10   > (a) Disclosure of fact of preparation.  A person may not procure or
11   > cause to be prepared an investigative consumer report on any
      > consumer unless—

12   > (1) it is clearly and accurately disclosed to the consumer that an
13   > investigative consumer report including information as to his
      > character, general reputation, personal characteristics and mode of
      > living, whichever are applicable, may be made, and such disclosure
14   > (A) is made in a writing mailed, or otherwise delivered, to the
      > consumer, not later than three days after the date on which the report
15   > was first requested, and (B) includes a statement informing the
      > consumer of his right to request the additional disclosures provided
16   > for under subsection (b) of this section and the written summary of
      > the rights of the consumer prepared pursuant to section 609(c) [15
17   > U.S.C. § 1681g(c).]

18   Thus, § 1681d(a) requires, among other things, that whenever an employer requests a consumer

19   report, it must notify the consumer in writing within three days of the request.  It also requires that

20   the notification include a "written summary of . . . rights," that discloses certain information

21   detailed in § 1681g(c).  That written summary of rights must contain certain disclosures, such as

22   the consumer's right to obtain a copy of the consumer report, dispute information contained in the

23   report, and obtain a credit score from the consumer reporting agency.  *See generally* 15 U.S.C.

24   § 1681g(c).

25   Here, Plaintiffs have not set forth sufficient factual allegations to withstand dismissal.  To

26   prevail on their claim, Plaintiffs need to specifically allege that Kohl's violated the statutes in

27   question, and did so willfully.  15 U.S.C. § 1681n; *see Ashcroft v. Iqbal*, 556 U.S. 662, 662

28   (2009); Fed. R. Civ. P. 8(a).  However, the extent of Plaintiffs' allegations with respect to

United States District Court
Northern District of California

10

1    § 1681d(a)(1) consists of the following one sentence:  "Defendants [sic] did not comply with

2    Section 1681d(a)(1)."  FAC ¶ 58.  Likewise, their allegations with respect to § 1681g(c) consist of

3    the following one sentence:  "Defendant did not comply with 1681g(c)."  FAC ¶ 60.  As to the

4    willfulness element, Plaintiffs fail to allege any facts at all.  These assertions are insufficient to

5    survive dismissal, and Kohl's Motion to Dismiss is therefore GRANTED with leave to amend.

6    **D.    Count Four (Failure to Make Proper Disclosures in Violation of the ICRAA)**

7           Count Four brings a claim on behalf of "Coleman only and the ICRAA Class," alleging

8    that Kohl's violated § 1786.16(a)(2)(B) of the ICRAA.  FAC ¶¶ 63, 72–75, 79; *see also* Cal. Civ.

9    Code § 1786.50 (creating an ICRAA cause of action).  The relevant portions of § 1786.16(a)(2)(B)

10   require disclosures to be "clear and conspicuous" and stand alone in a document, similar to the

11   disclosure requirements set forth in § 1681b(b)(2)(A)(i) of the FCRA.  They provide as follows:

12              (2) If, at any time, an investigative consumer report is sought for
                employment purposes other than suspicion of wrongdoing or
13              misconduct by the subject of the investigation, the person seeking
                the investigative consumer report may procure the report, or cause
14              the report to be made, only if all of the following apply:

15                 . . . .

16                 (B) The person procuring or causing the report to be made
                provides a *clear and conspicuous* disclosure in writing to the
17              consumer at any time before the report is procured or caused to be
                made in a document that *consists solely of the disclosure* . . . .
18

19                 . . . .

20                 (C) The consumer has authorized in writing the procurement of
                the report.

21   Cal. Civ. Code § 1786.16(a) (emphasis added).

22          Similar to their disclosure allegations in Count One, here in Count Four, Plaintiffs allege

23   that the disclosure forms Kohl's provided contained both a disclosure statement and "other

24   extraneous information," in violation of the "clear and conspicuous" and standalone requirements

25   in § 1786.16(a)(2)(B).  *Id.* ¶¶ 72–74.  For the same reasons discussed in Count One, the Court

26   finds that Plaintiffs' disclosure allegations here under the ICRAA do not survive a motion to

27   dismiss because they have not set forth sufficient factual allegations that Kohl's violated the

28   statute.  Rather, on the face of the pleadings, Kohl's appears to have provided forms to Plaintiffs

that complied with the ICRAA.[6]  Accordingly, the Motion to Dismiss Count Four is GRANTED, with leave to amend.[7]

## V.       CONCLUSION

For the reasons discussed above, the Motion to Transfer Venue is DENIED.  The Motion to Dismiss is GRANTED with leave to amend as to Counts One, Two, Three, and Four.  The Motion to Dismiss is GRANTED without leave to amend as to Count Five.

**IT IS SO ORDERED.**

Dated:  October 5, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[6] In addition, Plaintiffs also allege in Count Four that the forms failed to disclose certain information required under §§ 1786.16(a)(2)(B)(iv) and (vi) of the ICRAA.  During argument on the motion, however, Plaintiffs conceded that to the extent Count Four rested on alleged violations of those specific ICRAA statutory provisions, they are subject to dismissal.  Those claims are therefore dismissed.

[7] § 1786.52 of the ICRAA provides an election of remedies provision.  Cal. Civ. Code § 1786.52(a).  To the extent Plaintiffs submit a second amended complaint that alleges both FCRA and ICRAA claims stemming from the same act or omission, § 1786.52 bars those ICRAA claims. The Court is mindful of a contrary holding with respect to an analogous election of remedies provision in the CCRAA.  *See Ramirez v. Trans Union, LLC*, 899 F. Supp. 2d 941, 944–45 (N.D. Cal. 2012) (discussing *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548 (1995)); *Guillen v. Bank of Am. Corp.*, No. 5:10-cv-05825 EJD (PSG), 2011 U.S. Dist. LEXIS 98860, at *13–14 (N.D. Cal. Aug. 31, 2011) (same).  *Cf. Drew v. Equifax Info. Scvs., LLC*, No. C 07-0726 SI, 2009 U.S. Dist. LEXIS 18965, at *36–37 (N.D. Cal. Mar. 5, 2009).  The Court respectfully declines to follow *Ramirez* and *Guillen*, which dealt with a different statutory provision than the one here.

12